**SO ORDERED.**

**SIGNED this 03 day of February, 2010.**



*Stephani W. Humrickhouse*
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### ELIZABETH CITY DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **WOODY'S ENTERPRISES, INC.** | **09-04675-8-RDD** |
| **DEBTOR** | |

### ORDER DENYING CONFIRMATION OF PLAN

A hearing took place in Greenville, North Carolina on January 28, 2010, to consider confirmation of the plan of reorganization filed by the chapter 11 debtor, Woody's Enterprises, Inc., as well as a motion filed by the bankruptcy administrator to convert or dismiss the case, a motion to dismiss the case or for relief from the automatic stay filed by Bank of the Commonwealth and a motion for relief from the automatic stay filed by Gateway Bank and Trust Company.

Woody's Enterprises, Inc. filed a petition for relief under chapter 11 of the Bankruptcy Code on June 5, 2009. The debtor's primary business is the operation of a retail outlet selling beach-themed and convenience items, as well as fireworks, gaming machines and gasoline. The debtor's plan of reorganization, filed on September 3, 2009, provided for the satisfaction of creditor claims from income earned through the continuation of the debtor's business and the sale of real property.

At the hearing, the debtor represented that its sales and revenues have suffered over the last year due to the current economic climate. The debtor proposed to restructure its business as needed to regain profitability, for example, by increasing the number of gaming machines in the store and other similar changes. In addition, the debtor submitted a balance statement containing projected earnings from sales and rental income which, if received, would allow the debtor to make plan payments of $138,915.00 in the first year and $111,600.00 in the second year of the plan. Finally, the debtor represented that two of its buildings had been severely damaged by a storm in November 2009. The debtor estimates that the cost to repair the damage is $70,000.00. According to the debtor, insurance claims were filed, but the damage to one of the properties was estimated at an amount equal to or less than the debtor's deductible, resulting in denial of the claim. Both buildings are covered by "force-placed" insurance through Gateway and the insurance company is still determining whether a payment will be made. In the meantime, the debtor has applied for a loan from the Small Business Association in the amount of $130,000.00 to repair the buildings and cover the debtor's inventory loss caused by the storm.

Gateway holds a deed of trust on several of the debtor's properties located in Currituck County, North Carolina, securing a note in the amount of $2,040,000.00. Commonwealth holds deeds of trust for several properties securing loans totaling $1,530,441.10. At the hearing, both Gateway and Commonwealth expressed significant concerns regarding the feasibility of the plan. The bankruptcy administrator echoed those concerns, noting that as recently as November 2009, the debtor experienced a monthly loss in the amount of $12,000.00.

Based upon the evidence presented at the hearing, the court finds that the debtor's plan is not feasible as filed. Under § 1129(a) of the Bankruptcy Code, the court shall only confirm a plan if a

number of requirements are met, including that "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." 11 U.S.C. § 1129(a)(11). Given the numerous discrepancies and inconsistencies identified in connection with the debtor's projected revenues, the court cannot find that this element is met and must deny confirmation. First, the projected revenues submitted at the hearing depend at least in part on the receipt of insurance proceeds and/or a small business loan, yet the chances of the debtor receiving either source of funds are speculative at best. No evidence was presented as to any other potential for infusion of cash into the business. Further, although 28 days had passed in January 2010 by the date of the hearing, the debtor was unable to provide any indication of its earnings for the month of January, leaving the court unable to assess the accuracy of the debtor's projection of $55,000 in sales for January 2010. Moreover, the projected sales revenues for 2010, ranging from $55,000 to $84,000 per month, are inconsistent with the evidence of a substantial monthly loss as recently as November 2009, given the debtor's representation that the store remained open despite the violent storm and ensuing damage. Finally, the debtor projects that three real property leases will generate rental income of $5,700 per month starting in March, but none of them are evidenced by leases at this point.

  Based on the foregoing, the plan is not confirmable, and confirmation of the plan is **DENIED**. The debtor has 14 days to file a substantially amended plan for the court's consideration. The Gateway and Commonwealth stay motions will be continued until February 25, 2010, and the automatic stay shall continue in effect. If a substantially modified plan is not filed within 14 days, the case will be dismissed and the stay motions rendered moot. If a substantially modified plan is

filed within 14 days, the motions of Gateway, Commonwealth and the bankruptcy administrator will be heard on February 25, 2010 and the confirmability of any amended plan will be considered.

**SO ORDERED**.

**END OF DOCUMENT**